UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE: BETSEY WARREN LEBBOS,

        Debtor.
_____/
U.S. TRUSTEE,

        Plaintiff,

   v.

BETSEY WARREN LEBBOS,

        Defendant.
_____/

NO. CIV. S-09-1252 LKK

O R D E R

This court issued an order on October 6, 2010 denying Debtor Betsey Lebbos' appeal of two orders issued by the bankruptcy court. ECF No. 26. Debtor has filed a motion for reconsideration of this court's order. For the reasons herein, Debtor's motion is DENIED.

**I. Background**

This case arises from a voluntary bankruptcy petition filed

////

////

1

in the Eastern District of California on June 26, 2006.[1] Debtor appealed two orders issued by the bankruptcy judge on April 23, 2009 and April 27, 2009, respectively. In the April 23 order, the bankruptcy court denied debtor's request for disqualification of the bankruptcy judge, and her motion to change venue. The April 27 order denied discharge of debtor's debt. Debtor appealed both of these orders in this court on May 6, 2009, and this court denied the appeal and affirmed the bankruptcy court's orders on October 6, 2010. Debtor now moves for reconsideration of this court's October 6, 2010 order.

**II. Standard for a Motion for Reconsideration**

Because debtor has not specified the authority under which she seeks reconsideration, the court construes the motion as a request for reconsideration under Rule 60(b)(6). "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . any . . . reason that justifies relief. . ." Fed. R. Civ. P. 60(b)(6).  This catch-all provision of Rule 60(b) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615 (1949).  Nonetheless, in order to seek relief

---

[1] Debtor claims that this petition was "unsigned and forged." Appellant's Mot. for Reconsideration at 33, ECF No. 28. The bankruptcy judge, after hearing testimony on the issue, determined that debtor signed and authorized the petition. This court concludes, as it did in the October 06, 2010 order, that there was no clear error in this factual determination by the bankruptcy court.

1 | under Rule 60(b)(6), the movant must demonstrate "extraordinary
2 | circumstances." <u>Liljeberg v. Health Services Acquisition Corp.</u>,
3 | 486 U.S. 847 (1988)(quoting <u>Ackermann v. United States</u>, 340 U.S.
4 | 193, 199 (1950)).

### III. Analysis

Debtor contends that reconsideration of this court's October 6, 2010 order is warranted because the order "misstates the facts, ignores the acknowledged facts, makes sarcastic and speculative comments reflective of its own bias, and does not follow established law." Debtor's Mot. at 4, ECF No. 28. Debtor has not demonstrated any extraordinary circumstances such as would warrant reconsideration of this court's October 06, 2010 order. Accordingly, debtor's motion for reconsideration, ECF No. 28, is DENIED.

IT IS SO ORDERED.

DATED: December 2, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT